FILED
NOV - 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY JOE HIRSCHFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11 1936 |
| ) | |
| U.S. BORDER PATROL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the Southern District of California.

Plaintiff alleges that, on December 25, 2005, he was travelling from Mexico to the United States, was stopped and searched by U.S. Border Patrol agents, arrested by Calexico Police Department officers, and detained by the Imperial County, California Sheriff. For alleged violations of his civil rights, plaintiff demands damages of $250,000.

Because none of the alleged events forming the basis of the complaint occurred in the District of Columbia and the named defendants are located in California, venue in this district is improper for litigating the claims plaintiff raises. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the location where the defendants are located or where a substantial part of the events occurred). Under 28 U.S.C. § 1406(a), if a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* Assuming without

deciding that plaintiff states viable claims, in the interest of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that the case be TRANSFERRED to the United States District Court for the Southern District of California.

SO ORDERED.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 10/18/11